**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GISELE GROCERY & DELI,<br><br>  Plaintiff,<br><br>vs.<br><br>HANOVER INSURANCE GROUP,<br><br>  Defendant. | Civil Action No.: 10-158 (PGS)<br><br>**OPINION** |

**SHERIDAN, U.S.D.J.**

This is an insurance coverage dispute between Gisele Grocery & Deli ("Plaintiff"), the insured, and Hanover Insurance Group ("Hanover" or "Defendant"), the insurer. Plaintiff alleges that its property was damaged as a result of fire, but that Hanover has wrongfully refused to make payment under Plaintiff's policy. Currently before the Court is Plaintiff's motion to remand, Defendant's motion to dismiss, and Plaintiff's motion for leave to file an amended complaint. For the following reasons, Plaintiff's motion to remand is denied, Defendant's motion to dismiss is granted without prejudice, and Plaintiff's motion for leave to amend its complaint is granted, subject to certain conditions set forth below.

    **I.    BACKGROUND**

The allegations contained in Plaintiff's complaint are "admittedly sparse." (Pl. Opp. Br. at 1.) Plaintiff operated a grocery store located at 506 Ocean Road, Jersey City, New Jersey. (Compl.

¶ 1.)  On or about January 4, 2007, Plaintiff's business was damaged by fire.  (*Id.* ¶ 3.)  Following that event, Plaintiff made a claim under an insurance policy, number OHY-6513133 (the "Policy"), issued to Plaintiff by Hanover.  (*Id.* ¶¶ 2, 4.)  However, for reasons not alleged, Hanover denied Plaintiff's claim.  (*Id.* ¶ 5.)[1]

On October 7, 2009, Plaintiff filed suit against Hanover alleging breach of contract and seeking a declaratory judgment that it is entitled to coverage under the Policy.  Plaintiff served its complaint on December 15, 2009.  On January 12, 2010, Defendant removed Plaintiff's action to federal court.  Thereafter, Defendant moved to dismiss Plaintiff's complaint, and Plaintiff moved for remand and for leave to amend its complaint.

## II.     DISCUSSION

### A.     Motion to Remand

The first issue before the Court is whether this matter should be remanded to state court pursuant to 28 U.S.C. § 1447(c).  Plaintiff seeks remand because, it argues, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Pursuant to § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Plaintiff contends that its claim does not exceed $75,000 because it only seeks declaratory, not monetary relief.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Wash. State Apple*

---

[1] Plaintiff asserts in its opposition brief that denial of its claim resulted from a failure to cooperate in Hanover's investigation of the fire.  (Pl. Br. at 2 n.1.)

2

*Advertising Comm'n*, 432 U.S. 333, 347 (1977).  Although Plaintiff's complaint does not seek monetary relief, Plaintiff does not dispute that the underlying value of the requested declaratory relief (the amount of coverage under the Policy) exceeds $75,000.[2]  Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Plaintiff's motion for remand is denied.

### B. Motion to Dismiss

Defendant seeks dismissal of Plaintiff's complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure because of Plaintiff's "admittedly sparse" allegations.  (Pl. Opp. Br. at 1.) Pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations in the complaint and to view the facts in a light most favorable to the non-moving party.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. A court will not, however, accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.  In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Plaintiff's only count is for breach of contract.  In order to state a claim for breach of contract,

---

[2] Plaintiff's proposed amendment complaint seeks monetary relief in the form of compensatory damages, consequential damages, interest, costs of suit, and such further relief as the Court deems just and proper." (Proposed Amend. Compl. at 2.)  Thus, Plaintiff's proposed amendment complaint further belies its claim that the amount in controversy is insufficient under 28 U.S.C. § 1332.

a plaintiff must satisfy three elements: (1) the existence of a valid contract; (2) defective performance of the contract; and (3) resulting damages.  *Yapak, LLC v. Mass. Bay Ins. Co.*, Civ. No. 3:09-cv-3370, 2009 WL 3366464, at *1 (D.N.J. Oct. 16, 2009) (citing *Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div.1985)).

Plaintiff's complaint fails to provide the factual grounds entitling it to relief for breach of contract.  Although Plaintiff alleges the existence of a valid contract (the Policy), the first element of its claim, Plaintiff fails to allege any facts concerning the terms of the Policy, or how or why the Policy was breached.  Plaintiff also fails to allege what, if any, damages -- the amount covered under the Policy -- resulted from Hanover's breach, only that it "made a claim for [its] damages with Hanover."  (Compl. ¶¶ 3-4.)  *Cf. Yapak*, 2009 WL 3366464, at *1 (dismissing complaint because "Plaintiff has not alleged any facts concerning the terms of the contract or the loss at issue"); *McDonough v. Horizon Blue Cross Blue Shield of N.J.*, Civil Action No. 09-571 (SRC), 2009 WL 3242136, at *4 (D.N.J. Oct. 7, 2009) (dismissing complaint lacking facts to support each element of claim).[3]  Accordingly, Plaintiff's complaint is dismissed for failure to state a claim.

### C. Motion for Leave to Amend

Subsequent to Defendant's motion to dismiss, Plaintiff filed a motion for leave to amend its complaint. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when, in a court's discretion, "justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A court may, however, deny a motion for leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[3] Although the Court has denied Plaintiff's motion for remand on the basis that the amount in controversy exceeds $75,000, that holding does not obviate Plaintiff's burden to plead damages as an element of its contract claim.

4

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (internal quotations omitted).

In support of its motion for leave to amend, Plaintiff attached a proposed amendment complaint, which adds very little to its existing allegations. Plaintiff includes only the following additional facts: that it "notified Hanover of the fire loss and filed a claim"; that it "complied with all of its obligations under the [P]olicy, and has a right to payment for its damages"; and that "Hanover issued a letter denying" Plaintiff's claim. (Proposed Amend. Compl. ¶¶ 4-6.) Nowhere, however, does Plaintiff allege in its proposed amended complaint how it "complied with all of its obligations under the Policy." Quite to the contrary, Plaintiff asserts in its opposition brief that denial of its claim resulted from a failure to cooperate in Hanover's investigation of the fire. (Pl. Br. at 2 n.1.) This admission suggests that Plaintiff actually failed to comply with its obligations under the Policy, warranting denial of its claim. *Cf. Yapak*, 2009 WL 3366464, at *1 ("While such a denial might be a breach of contract, it might equally well be perfectly legal under the terms of the agreement"). Moreover, Plaintiff fails to set forth the terms of the Policy that were breached, or how or why those terms were breached. Accordingly, Plaintiff's proposed amendment complaint is futile. *Burlington Coat Factory*, 114 F.3d at 1434. Nonetheless, in the interests of justice, the Court will grant Plaintiff leave to file a second proposed amended complaint so long as it addresses the deficiencies of its proposed amended complaint outlined above.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is denied, Defendant's motion to dismiss is granted, and Plaintiff's motion for leave to file an amended complaint is granted, subject to the conditions set forth above.


                                                              *s/Peter G. Sheridan*
                                                              PETER G. SHERIDAN,  U.S.D.J.

Dated: April 27, 2010